IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LENA PHOMAKAY                                                                      PLAINTIFF

v.                                         CIVIL NO. 20-2122

ANDREW M. SAUL, Commissioner
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lena Phomakay, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on October 6, 2017, alleging an inability to work due to open heart surgery in 2004, anemia, coumadin therapy, GERD, atopic dermatitis, nevi multiple, neoplasm, thalassemia, allergies, high blood pressure, rheumatic heart disease, aortic valve replacement, mitral valve replacement, and left hand/wrist pain. (Tr. 219-220, 315, 413-414). An administrative hearing was held on May 8, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 197-216).

By written decision dated October 18, 2019, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 182). Specifically, the ALJ found Plaintiff had the following severe impairments: aortic and mitral valve replacement, rheumatic heart disease, degenerative disc disease of the cervical spine, and vertigo.

1

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 183). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined 20 CFR 416.967(a) except occasional use of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no ladders, ropes or scaffolds, moving mechanical parts unprotected heights, open flames, deep water or motor vehicles; simple instructions, tasks and decisions (unskilled work) and frequent left handling and fingering and occasional bilateral overhead reaching.

(Tr. 183). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a document preparer, a table worker, and a stuffer. (Tr. 189).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on June 15, 2020. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 21, 22).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other

Case 2:20-cv-02122-ELW   Document 23   Filed 04/29/21   Page 3 of 3 PageID #: 880

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 29th day of April 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE